UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN LAMARR OWENS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. SCHULTZ, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00820-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 7)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS** |

Plaintiff Marvin LaMarr Owens is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff filed his complaint and an application to proceed *in forma pauperis* (IFP) on July 16, 2024. (Docs. 1 & 2.)

On July 19, 2024, the Court issued its Order to Show Cause (OSC) in Writing Why Application to Proceed *In Forma Pauperis* Should Not Be Denied. (Doc. 7.) Following review of Plaintiff's Inmate Statement Report, the Court directed Plaintiff to explain the sixteen "JPAY" entries and the nine "SALES" transactions, or, alternatively, to pay the $405 filing fee for this

action, within 30 days. (*Id*. at 3.) On August 19, 2024, Plaintiff filed a written response to the OSC. (Doc. 9.)

## II. DISCUSSION

Plaintiff states the JPAY and SALES entries on his Inmate Statement Report reflect monies sent from his family to cover necessities not provided by the California Department of Corrections and Rehabilitation (CDCR). (Doc. 9 at 1.) Plaintiff indicates he does not "partake[e] in all chow hall [dining] and instead makes purchases from the canteen. (*Id.*) He states he did not have $405 "in full the past 6 months" to pay the filing fee, and requiring him to pay the filing fee in full would be a penalty for he and his family. (*Id*. at 2)

Plaintiff is advised that declaring under penalty of perjury that he did not receive any gifts or funds from any other source on his IFP application is not true because money sent from family or friends is in fact a "gift or funds from any other source." The Court will however accept his explanation concerning the use of those funds and grant Plaintiff's IFP application. Plaintiff is advised this Court is one of the busiest district courts in the nation, all judges carry heavy caseloads, including many prisoner civil rights actions, and his complaint will be screened in due course.

## III. CONCLUSION AND ORDER

Accordingly, the Court hereby **ORDERS**:

1. The OSC (Doc. 7) issued July 19, 2024, is **DISCHARGED**;
2. Plaintiff's application to proceed IFP (Doc. 2) is **GRANTED**; and
3. **The Director of the California Department of Corrections or designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and case number assigned to this action**.

4. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's IFP application on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF).

5. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated:   **August 21, 2024**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE