UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN LAMARR OWENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. SCHULTZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00820-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOLLOWING SCREENING OF THE FIRST AMENDED COMPLAINT**<br><br>(Doc. 12)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Marvin LaMarr Owens is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

The Court issued its First Screening Order on September 24, 2024. (Doc. 11.) Plaintiff was directed to file a first amended complaint curing the deficiencies identified in the order, or a notice of voluntary dismissal, within 21 days. (*Id*. at 7.)

On October 21, 2024,[1] Plaintiff filed his first amended complaint. (Doc. 12.)

//

//

---

[1] The complaint was signed and dated October 16, 2024. (Doc. 12 at 5.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

2

1  quotation marks & citation omitted), and courts "are not required to indulge unwarranted
2  inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
3  marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not
4  sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's
5  liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## IV. DISCUSSION

### A. Plaintiff's First Amended Complaint

Plaintiff names Agnes Hadraki, a correctional counsel at Wasco State Prison, as the sole defendant in this action. (Doc. 12 at 1-2.) He seeks $25,000 and $100 per day "for every day since [he's] asked for this injustice to be corrected until it is." (*Id.* at 5.) Plaintiff also seeks restoration of "time … because of the extra 6 months" he was held on a Level III yard because "6 points" were added to his c-file. (*Id.*).

### B. The Factual Allegations

Plaintiff alleges that in 2016, while he was incarcerated at Wasco State Prison's reception center, Correctional Counselor II Hadraki "placed a STG II with 6 points" in his c-file. (Doc. 12 at 3.) He states the "'Mansfield Bloods'" are "a fictitious gang … stemming only from a question asked by a police officer in a police report" and that there is "[absolutely] no other evidence of this false [accusation]." (*Id.*)

3

Plaintiff contends his due process rights were violated because "there was no investigation at any level" and "Title 15 there was no three items to support this claim." (Doc. 12 at 4.) Plaintiff contends he was not "given a chrono" indicating the gang designation was in his c-file and that Hadraki "profiled [him] as a gang member because of [his] ethnicity." (*Id*.)

### C. Plaintiff's Claims

Plaintiff asserts two claims alleging his "due process" and "civil rights" were violated. (Doc. 12 at 4-5.)

### *Applicable Legal Standards*

As Plaintiff was previously advised, the Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

An inmate has no constitutional right to a particular security classification or housing. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (quoting *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (rejecting a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections)). Thus, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (classification at a Level IV prison rather than at a Level III prison did not subject Myron to an atypical and significant hardship).

An inmate can state a claim based on his classification, if the classification was done for

4

1  unconstitutional reasons, e.g., done in retaliation for exercising his First Amendment rights, or
2  done for religious, political, or racial discriminatory reasons. Decisions regarding an inmate's
3  classification level or where to house inmates are at the core of prison administrators' expertise.
4  *McKune v. Lile*, 536 U.S. 24, 39 (2002) (citing *Meachum*, 427 U.S. at 225); *see also Frost v.*
5  *Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

6  The validation of prison gang members and gang affiliates is an administrative measure
7  rather than a disciplinary measure, and as a result, prisoners are entitled only to minimal
8  procedural protections of adequate notice and an opportunity to present their views prior to gang
9  validation. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Evaluation of a prisoner's due
10 process challenge to his gang validation and related housing first requires identification of the
11 "prison official [who] was the critical decisionmaker," and a determination whether the prisoner
12 "had an opportunity to present his views to that official." *Castro v. Terhune*, 712 F.3d 1304, 1308
13 (9th Cir. 2013); *see also Castro v. Terhune*, 29 Fed. App'x 463, 465 (9th Cir. 2002) ("due process
14 ... require[s] ... a meaningful opportunity to present his views to the critical decisionmakers");
15 *Castro v. Terhune*, 237 Fed. App'x 153, 155 (9th Cir. 2007) (explaining the necessity of
16 identifying "actual decisionmaker" as compared to an official acting as an "assistant" or "rubber
17 stamp").

18 In addition, due process requires that a prison's determination to validate a prisoner as a
19 gang associate be supported by "some evidence," which is a "minimally stringent" standard.
20 *Castro*, 712 F.3d at 1314. "Some evidence" means "any evidence in the record that could support
21 the conclusion." *Bruce*, 351 F.3d at 1287. This standard "does not require evidence that logically
22 precludes any conclusion but the one reached." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*,
23 472 U.S. 445, 457 (1985).

### *Analysis*

25 Liberally construing the first amended complaint and accepting all facts as true, Plaintiff
26 fails to state a claim against Defendant Hadraki. Although Plaintiff has identified Hadraki as a
27 critical decisionmaker who Plaintiff contends has labeled him an STG II or gang member due to
28 his ethnicity and profiling, Plaintiff fails to allege that he was not provided with an opportunity to

5

present his views to Hadraki. *Castro*, 712 F.3d at 1308; *Bruce*, 351 F.3d at 1287. Moreover, Plaintiff was specifically advised in this Court's First Screening Order that "[i]f Plaintiff files an amended complaint identifying the critical decisionmaker, *Plaintiff must describe in more detail how his due process rights were violated. Plaintiff must describe how he was denied the right to meaningfully present his views to the critical decisionmaker* and why the decision validating him as a gang member was not supported by some evidence." (Doc. 11 at 6, italics added.) Plaintiff fails to "describe how he was denied the right to meaningfully present his views" to Hadraki. To the extent Plaintiff alleges no investigation by Hadraki occurred, an investigation is not required. *Bruce*, 351 F.3d at 1287 (prisoners are entitled only to minimal procedural protections of adequate notice and an opportunity to present their views prior to gang validation).

Further, as noted above, validating a prisoner as a gang member or associate involves only "some evidence" and is a "minimally stringent" standard. Here, Plaintiff's first amended complaint states he was identified as a member of the "fictitious gang 'Mansfield Bloods' stemming only from a question asked by a police officer in a police report." Applying the minimally stringent standard to the alleged facts, the Court finds a police officer's reference to the Mansfield Bloods gang in a police report as "some evidence" that could support Hadraki's conclusion. *See Castro*, 712 F.3d at 1314; *Bruce*, 351 F.3d at 1287; *see also Hill*, 472 U.S. at 457; *Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987) (holding "some evidence" standard may be satisfied with information obtained from a reliable and credible informant).

Because Plaintiff has failed to remedy the deficiencies identified in the First Screening Order, Plaintiff cannot cure his pleadings and leave to amend would be futile. *See Hartman v. CDCR*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief).

In sum, the Court will recommend dismissal for a failure to state a claim upon which relief can be granted.

//

//

6

## V. ORDER AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** this action be **DISMISSED** for Plaintiff's failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **July 28, 2025**                     /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE